# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

Diego Bonillo (2)

**SEALED**
WARRANT FOR ARREST

Case Number: 24-cr-908-RBM-2

**NOT FOR PUBLIC VIEW**

2:24-mj-00422-NJK

PLEASE RECEIPT AND RETURN

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ___Diego Bonillo (2)___
Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition
☐ Pretrial Violation

charging him or her with (brief description of offense):
21:952, 960, 963 - Conspiracy to Import Controlled Substances
21:952, 960 - Importation of Controlled Substances
18:2 - Aiding and Abetting
21:853 - Criminal Forfeiture

In violation of Title ___See Above___ United States Code, Section(s) _____

John Morrill
Name of Issuing Officer

s/ A. Islas  A. Islas (SEAL)
Signature of Deputy

Clerk of the Court
Title of Issuing Officer

05/03/2024, San Diego, CA
Date and Location

Bail fixed at $ ___No Bail___ by ___The Honorable Steve B. Chu___
Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

OC: SIT

FILED
May 03 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/AI DEPUTY

SEALED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

2:24-mj-00422-NJK

February 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>JESSE CLARK GARCIA (1),<br>DIEGO BONILLO (2),<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br><br>           Defendants. | Case No. '24 CR0908 RBM<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Secs. 952, 960, and 963 - Conspiracy to Import Controlled Substances; Title 21, U.S.C., Secs. 952 and 960 - Importation of Controlled Substances; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 21, U.S.C., Sec. 853 - Criminal Forfeiture |

The grand jury charges:

Count 1

(Conspiracy to Import Controlled Substances)

Beginning on a date unknown to the grand jury and at least continuing up to and including February 25, 2024, within the Southern District of California, and elsewhere, defendants JESSE CLARK GARCIA, DIEGO BONILLO, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓, did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury, to import 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II Controlled Substance; 500 grams and more of a mixture and substance

SRP:nlv:San Diego:5/3/24

containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; 1 kilogram and more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance; and 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; all in violation of Title 21, United States Code, Sections 952, 960, and 963.

### Count 2

(Importation of Fentanyl)

On or about April 18, 2021, within the Southern District of California, and elsewhere, defendants JESSE CLARK GARCIA and ███████████, did knowingly and intentionally import 400 grams and more, to wit: approximately 63.68 kilograms (140.39 pounds) of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960, Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

### Count 3

(Importation of Methamphetamine)

On or about April 18, 2021, within the Southern District of California, and elsewhere, defendants JESSE CLARK GARCIA and ███████████, did knowingly and intentionally import 500 grams and more, to wit: approximately 11.7 kilograms (25.79 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960, Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

## Count 4

### (Importation of Fentanyl)

On or about August 22, 2023, within the Southern District of California, and elsewhere, defendant JESSE CLARK GARCIA did knowingly and intentionally import 400 grams and more, to wit: approximately 3.99 kilograms (8.80 pounds) of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960, Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

## Count 5

### (Importation of Cocaine)

On or about August 22, 2023, within the Southern District of California, and elsewhere, defendant JESSE CLARK GARCIA did knowingly and intentionally import 5 kilograms and more, to wit: approximately 216 kilograms (476.20 pounds) of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960, Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

## Count 6

### (Importation of Fentanyl)

On or about February 6, 2024, within the Southern District of California, and elsewhere, defendant JESSE CLARK GARCIA did knowingly and intentionally import 400 grams and more, to wit: approximately 32.35 kilograms (71.32 pounds) of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propenamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960, Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

### Count 7

(Importation of Methamphetamine)

On or about February 6, 2024, within the Southern District of California, and elsewhere, defendant JESSE CLARK GARCIA did knowingly and intentionally import 500 grams and more, to wit: approximately 37.1 kilograms (81.79 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960, Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

### Count 8

(Importation of Cocaine)

On or about February 6, 2024, within the Southern District of California, and elsewhere, defendant JESSE CLARK GARCIA did knowingly and intentionally import 5 kilograms and more, to wit: approximately 54.6 kilograms (120.37 pounds) of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960, Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

//
//
//
//

## Count 9

(Importation of Methamphetamine)

On or about February 6, 2024, within the Southern District of California, and elsewhere, defendant JESSE CLARK GARCIA did knowingly and intentionally import 500 grams and more, to wit: approximately 58.87 kilograms (129.79 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960, Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

## Count 10

(Importation of Fentanyl)

On or about February 15, 2024, within the Southern District of California, and elsewhere, defendant DIEGO BONILLO did knowingly and intentionally import 400 grams and more, to wit: approximately 45.6 kilograms (100.53 pounds) of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960, Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

## Count 11

(Importation of Heroin)

On or about February 15, 2024, within the Southern District of California, and elsewhere, defendant DIEGO BONILLO did knowingly and intentionally import 1 kilogram and more, to wit: approximately 1.01 kilograms (2.23 pounds) of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance; in

5

violation of Title 21, United States Code, Sections 952 and 960, Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 11 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2. Upon conviction of one and more of the felony offenses alleged in Counts 1 through 11 of this Indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendants JESSE CLARK GARCIA, DIEGO BONILLO, and ▮▮▮▮ shall, upon conviction, forfeit to the United States all their rights, title, and interest in any and all property constituting, and derived from, any proceeds the defendants obtained, directly and indirectly, as the result of the offenses, and any and all property used and intended to be used in any manner and part to commit and to facilitate the commission of the violations alleged in Counts 1 through 11 of this Indictment.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

DATED: May 3, 2024.

TARA K. McGRATH
United States Attorney

By: _____
SHAUNA R. PREWITT
SEAN VAN DEMARK
Assistant U.S. Attorneys



I hereby attest and certify on May 03, 2024 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ A. Islas
Deputy

7